UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SUSAN C.,

                Plaintiff,

v.                                                           CASE # 21-cv-00482

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | IDA M. COMERFORD, ESQ.<br>KENNETH R. HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | JUNE LEE BYUN, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **GRANTED**, the defendant's motion for judgment on the administrative record is **DENIED,** and the decision of the Commissioner is **REMANDED**.

## I.     RELEVANT BACKGROUND

### A.     Factual Background

Plaintiff was born on November 27, 1976 and has a marginal to limited education. (Tr. 29, 297). Plaintiff alleged disability based on fibromyalgia, rheumatoid arthritis, anxiety, back pain, and asthma. (Tr. 296).

### B.     Procedural History

On September 25, 2018, plaintiff applied for a period of Supplemental Security Income Benefits under Title XVI of the Social Security Act. (Tr. 269). Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On September 8, 2020, plaintiff appeared before ALJ William M. Weir. (Tr. 38-66). On October 13, 2020, ALJ Weir issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-37). On December 11, 2021, the Appeals Council denied plaintiff's request for review. (Tr. 1-6). Thereafter, plaintiff timely sought judicial review in this Court.

### C.     The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since September 25, 2018 application date (20 CFR 416.971 *et. seq.*).

2. The claimant has rheumatoid arthritis; an anxiety disorder; a depressive disorder; and posttraumatic stress disorder, each of which constitutes a severe impairment (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant can perform simple repetitive tasks. The claimant cannot perform complex work, defined as multiple simultaneous goals or objectives or the need to independently set quality, quantity, or method standards. The claimant can have no public contact, but she can have occasional coworker and supervisory contact. The claimant can have one change per day in general work tasks or setting. She should not work around concentrated pulmonary irritants, dusts, fumes, or gases. She should not work at unprotected heights or around dangerous machinery, tools, or chemicals.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on November 27, 1976 and was 39 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 FCR 416.963).

7. The claimant has a marginal to limited education (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969, and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since September 25, 2018, the date the application was filed (20 CFR 416.920(g)).

(Tr. 12-27).

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff asserts the ALJ's exclusion of fibromyalgia as a medically determinable impairment was not supported by substantial evidence. (Dkt. No. 5 [Plaintiff's Mem. of Law]).

### B. Defendant's Arguments

In response, defendant asserts substantial evidence supports the ALJ's consideration of plaintiff's fibromyalgia and plaintiff has not met her burden of establishing it as a medically determinable impairment. (Dkt. No. 6 [Defendant's Mem. of Law]).

## III.    RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

### IV. ANALYSIS

In determining whether plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 416.920(a). At step two, the ALJ found that plaintiff suffered from the severe impairments of rheumatoid arthritis; an anxiety disorder; a depressive disorder; and posttraumatic stress disorder. (Tr. 17). While the ALJ concedes that plaintiff had been diagnosed with fibromyalgia, he did not find it to be a medically determinable impairment. (Tr.

5

18). The ALJ asserts the medical evidence did not satisfy the requirements of SSR 12-2p to be considered a severe impairment. (*Id.*). Plaintiff argues that the ALJ erred in his evaluation of whether fibromyalgia was a severe medically determinable impairment at step two of the sequential analysis. The Court agrees that the error at step two affected the evaluation of related medical evidence in the determination of plaintiff's RFC and warrants remand.

For the impairment of fibromyalgia, a growing number of courts, including our own, have recognized that fibromyalgia is a disabling impairment and that there are no objective tests which can conclusively confirm the disease. *Green–Younger v. Barnhart*, 335 F.3d 99, 108 (2d Cir. 2003) (quoting *Preston v. Sec. of Health & Human Servs.*, 854 F.2d 815, 818 (6th Cir. 1988)) (citation omitted). Fibromyalgia is renowned as an elusive and mysterious disease. *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996). "[Fibromyalgia's] cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia." *Cabibi v. Colvin*, 50 F.Supp.3d 213, 233, (E.D.N.Y. 2014) (alteration in original) (quoting *Sarchet* 78 F.3d 305, 307). "In stark contrast to the unremitting pain of which [fibromyalgia] patients complain, physical examinations will usually yield normal results—a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions." *Lisa v. Sec. of Dep't of Health & Human Servs.*, 940 F.2d 40, 44 (2d Cir. 1991) (quoting *Preston v. Sec'y of Health & Human Servs.*, 854 F.2d 815, 817-18 (6th Cir. 1988)).

Indeed, Social Security Ruling ("SSR") 12-2p sets forth the following requirements for finding that fibromyalgia is a medically determinable impairment: (1) a physician has diagnosed fibromyalgia; (2) the physician has provided evidence described either by the 1990 American College of Rheumatology (ACR) criteria ("1990 ACR criteria") or the 2010 ACR Preliminary

Diagnostic Criteria ("2010 ACR criteria"); and (3) the physician's "diagnosis is not inconsistent with other evidence in the person's case record." SSR 12-2p, 2012 WL 3104869, at *2 (July 25, 2012).

The 1990 ACR criteria requires evidence of (1) a history of widespread pain in all quadrants of the body that has persisted at least three months, (2) at least eleven positive tender points on physical examination, and (3) evidence that other disorders that could cause the symptoms or signs were excluded, whereas the 2010 ACR criteria requires (1) a history of widespread pain in all quadrants of the body that has persisted at least three months, (2) repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions (especially manifestations of fatigue, cognitive or memory problems, waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome), and (3) evidence that other disorders that could cause these repeated manifestations were excluded. *Id.*; *see also Nicole P. v. Comm'r of Soc. Sec.*, No. 20-CV-6576-MWP, 2022 WL 2533346, at *4 (W.D.N.Y. July 7, 2022). An ALJ is required to assess both the 1990 ACR criteria and the 2010 ACR criteria before concluding that a claimant does not have the medically determinable impairment of fibromyalgia. *Wilma M.S. v. Comm'r of Soc. Sec.*, No. 20-CV-6383-LJV, 2022 WL 138537, at *4 (W.D.N.Y. Jan. 14, 2022) ("[B]ecause there are two sets of criteria that might establish a medically determinable impairment of fibromyalgia, an ALJ must analyze both before deciding that a claimant does not suffer from that impairment."); *Joseph Y. v. Comm'r of Soc. Sec.,* No. 20-CV-319-LJV, 2022 WL 125821, at *2 (W.D.N.Y. Jan. 13, 2022) ("Therefore, before deciding that a claimant does not have fibromyalgia, an ALJ must analyze both the 1990 and the 2010 criteria.").

Here, while acknowledging that plaintiff was diagnosed with fibromyalgia, the ALJ determined that it was non-severe because the terms used by examining sources were not the same

and the doctor did not specify locations of tender points. (Tr. 18). For example, during an exam on November 30, 2018, treating source Dr. Michalski found multiple tender points all over, but did not specify location. (Tr. 714-15). While Dr. Michalski's finding is vague, the ALJ just dismissed the findings entirely without recontacting him for clarification. *See Cooper v. Comm'r of Soc. Sec.*, 2019 WL 1109573, at *4 (W.D.N.Y. Mar. 11, 2019) (remanding where pursuant to SSR 12-2p, the ALJ should have recontacted plaintiff's treating providers to determine if plaintiff's fibromyalgia satisfied the criteria of SSR 12-2p). Furthermore, evidence supports Dr. Michalski's diagnosis as he treated plaintiff with prescriptions to manage the symptoms of fibromyalgia.

Additionally, consultative examiner Dr. Liu documented 12 trigger points upon examination: "[s]ix in the neck, four in the low back, and two in the bilateral hip area." (Tr. 505). The ALJ again simply rejected the findings and diagnosis because Dr. Liu did not use the term "tender points" or explain how "trigger points" are or are not similar to tender points for diagnostic purposes. (Tr. 18). As discussed above, the ALJ had a duty to recontact the source for clarification before rejecting the evidence that was analogous to the diagnostic criteria. Courts in the Second Circuit have long held that if an ALJ finds that a medical source statement is vague, the ALJ has a duty to recontact that medical source for clarification rather than simply discount the opinion. *See, e.g., Georgia H.,* 2021 WL 22506, at *5 (internal citations omitted) ("[I]f the ALJ thought that he could not assess Dr. Toor's medical source statement because it was "vague and ambiguous," then that created a gap in the record—a gap that the ALJ was obligated to fill by recontacting the source.").

The ALJ also concluded that fibromyalgia was not a medically determinable impairment because "the evidence does not show that other disorders were excluded." (Tr.18). Treatment notes show numerous tests to determine plaintiff's diagnosis and to treat symptoms. *See, e.g.,* Tr. 415

(Dr. Calabrese's note that physical therapy was ineffective); Tr. 699 (ordering five different laboratory and blood tests for plaintiff's fibromyalgia); Tr. 702 (ordering four different laboratory tests related to Plaintiff's fibromyalgia); Tr. 708 (under plaintiff's fibromyalgia diagnosis, specifically noting that there was "no sign of lymphandenopathy [or] vasculitis" and endocarditis was doubtful – and therefore tapering off Plaintiff's prednisone); Tr. 1299-1305 (plaintiff undergoing a brain MRI; getting vitamin levels checked, and having a sleep study ordered).

The error is not harmless because once the ALJ concluded that plaintiff's fibromyalgia was not a medically determinable impairment, he then had no basis to credit plaintiff's statements regarding her fibromyalgia-related symptoms in the remainder of the decision. *See* Tr. 18 (ALJ dismissing symptoms because "pain is not a medically determinable impairment"); Tr. 23 (discrediting Plaintiff's "statements as to the limiting effects of her symptoms"); *see also* Tr. 49-52 (Plaintiff's testimony regarding her pain); *see also Green-Younger*, 335 F.3d 99 at 108 (ALJ relied in part on improper finding that fibromyalgia was not a medically determinable impairment due to lack of objective medical evidence to find Green-Younger's allegations of pain and functional limitations were not entirely credible). Remand is warranted for the ALJ to properly address plaintiff's fibromyalgia, develop the record as needed, and reweigh the evidence in light of that analysis. *See Wood-Callipari v. Comm'r of Soc. Sec.*, 2016 WL 3629132, at *4 (N.D.N.Y. June 29, 2016) ("Although frequently when there are multiple impairments, and the ALJ finds some, but not all severe, an error in the severity analysis at Step 2 may be harmless . . . However, in light of the ALJ's focus throughout her decision on the lack of objective evidence" when considering whether plaintiff's fibromyalgia was a medically determinable impairment, remand was appropriate) (citation omitted).

**ACCORDINGLY, it is**

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 5) is **GRANTED**; and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 6) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: May 2, 2023  *J. Gregory Wehrman*
Rochester, New York  HON. J. Gregory Wehrman
United States Magistrate Judge